### J. E. Murry *v.* The State.

1. **Continuance—Diligence.**—An application for a continuance, based on the absence of witnesses and alleging the procurement of attachments for them, but failing to show that the attachments were given or mailed to the proper officer for service, is fatally defective in that it does not show diligence.

2. **Same—Counter-affidavits.**—It seems that the Code of Criminal Procedure has not abrogated the common law practice, on applications for continuances, of hearing counter-affidavits showing want of diligence on the part of the applicant, or that the testimony cannot be obtained. See the opinion in this case for a satisfactory discussion of this question, and of the caution with which the practice should be allowed.

Appeal from the District Court of Gregg. Tried below before the Hon. Z. Norton.

No brief for the appellant.

*H. H. Boone,* Attorney General, for the State.

ECTOR, Presiding Judge. This is an appeal, by J. E. Murry, from a judgment of conviction for theft of a mare. He was indicted on the 18th day of September, 1875, and tried at the January term, 1876, of the court. The January term of said court convened on the 10th of the month. The only question presented in the record that we deem it necessary specially to notice in this opinion is the action of the court below on the application of the defendant for a continuance.

The defendant filed an application for continuance on the 21st of January, 1876. His application is as follows: "He says he cannot safely go to trial for the want of the testimony of James Lowery and William Pew, both of whom reside in Van Zandt county and state of Texas, and for whom defendant, through his attorney, caused attachment to issue by the clerk of the district court of Gregg county, on the 28th day of December, 1875, to the sheriff of Van Zandt county, and that defendant caused said attachment to issue as soon as the whereabouts of said witnesses were known to defendant; and defendant further says he expects to prove by said witnesses that he, defendant, purchased said mare of which he is charged with stealing from one Dan Morgan, for which he paid said Morgan the sum of one hundred dollars, in good faith, and that the aforesaid witnesses will swear the same, and their said evidence is material to the defense. Defendant further avers that he expects to have said witnesses in attendance upon the trial of this case at the next term of the court, and that said witnesses are not absent by the consent or procurement of defendant; and that this application for continuance is not sought for delay,

but that justice may be done. He further avers that said
attachments have not been returned.''

The district attorney (over the objections of the defend-
ant) was allowed to file the counter-affidavits of T. J. Fails
and T. A. Flewellen. That of T. J. Fails is as follows:
'' That he knows James Lowery from reputation. He for-
merly lived in the county of Van Zandt. He now stands
charged, in said county of Van Zandt, of an assault to mur-
der, and has not been a citizen of Van Zandt county since
he has been indicted. The last I heard of the witness James
Lowery, his father was removing his family to Arkansas, and
the witness is now supposed to be a citizen of Arkansas.
That there is no such man living in the county of Van Zandt
that witness has any knowledge of. That there is no such
man living in the county of Van Zandt, by the name of
James Pew, that affiant has ever heard of. That affiant is
well acquainted in Van Zandt county, and never heard of
any man by the name of James Pew. That there was,
about two years ago, a man living in Van Zandt county by
the name of Wyatt Pew, who was charged with the same
crime that the above James Lowery stands charged with, to
wit, an assault to murder. That said Wyatt Pew is now
supposed to be with the said James Lowery, in the state of
Arkansas. That the character of the witnesses above men-
tioned is exceedingly bad in the neighborhood where they
lived before they fled the country. That it is the opinion
of the affiant that the witnesses for whom a continuance is
sought in this case can never be obtained, and that the appli-
cation for a continuance is made for delay and that justice
may not be done.'' And said T. A. Flewellen, in his affida-
vit, swears: '' That I am deputy sheriff of Gregg county,.
and have just returned from Van Zandt county with T. J.
Fails, a witness for the state. While there I made inquiries.
for the witnesses mentioned in application for continuance;

by defendant, and could not hear of any such men in Van Zandt county, but was informed and believe they are now in Arkansas; that they, the witnesses, left the county to evade arrest, and are considered as belonging to a clan of horse thieves. I left Longview with attachment for state's witnesses in Van Zandt county on last Tuesday, the 17th, and returned last night, the 20th." The court below overruled the defendant's motion for continuance, to which defendant excepted, and took a bill of exceptions. Defendant also filed a motion for new trial, which was overruled.

Does the record show that the defendant used due diligence to procure the testimony of the witnesses mentioned in his application for continuance? He was arrested in May, 1875, charged with stealing said mare, and no steps were taken by him to get the testimony of said witnesses, or to ascertain their residence, until a very short time before the meeting of the court, and nothing to show that he might not sooner have ascertained their residence by the use of ordinary diligence, if they did really live in Van Zandt county. But admit that the application shows the defendant is not to blame for delaying so long in procuring attachment for said witnesses, we believe that the application is fatally defective in showing what was done with said attachment for said witnesses after it was issued. The record does not show what was done with said attachment. The application of defendant does not state that it was forwarded by mail to the sheriff of Van Zandt county, or what became of it, and, for aught that can be known to us, when it was issued the defendant may have put it in his pocket. A prisoner, from the time of his arrest for a felony, certainly ought to begin at once to prepare for his defense, and be guilty of no neglect; and if trials of this kind should be postponed on affidavits such as was made in this case by the defendant, very few cases like the one for which the defendant has been convicted would be tried at all, and none at

the first court after his arrest, unless the defendant was willing.

We feel it to be our duty to notice another point in the case. Should the state, in any criminal case, be allowed to file counter-affidavits on an application for continuance made by the defendant? We do not believe this question has been passed upon, since the adoption of the Code of Criminal Procedure, by the supreme court. At common law the rule as to the admission of counter-affidavits was for some time not well settled, but it finally became the settled common law practice to receive counter-affidavits to show want of diligence and improbability of any reasonable expectation that the proposed testimony can be obtained at all, or at the time to which it is proposed to postpone the trial, and such has been the practice of most of the courts of this country. But affidavits to contradict the general oath of materiality seem not to have been often received. 2 Ph. Ev., C. & H. notes, 685, and cases cited; *Smith's Case*, 3 Wheeler (N. Y.), 172, 176; *The People* v. *Bringham*, 1 City H. Rec. (N. Y.) 30; *The Territory* v. *Nugent*, 1 Mart. (La.) 108; 3 Day, 308.

Our supreme court discussed this question at considerable length in the able opinion delivered by Wheeler, J., in the case of *Hyde* v. *The State*, 16 Texas, 445, in which it was decided that counter-affidavits (in applications for continuance in criminal cases) are allowable to show want of diligence and the absence of any reasonable expectation that the proposed testimony can be obtained at all, or by the next term of the court. When this opinion was rendered the rule in applications for a continuance was the same in civil and in criminal cases. By the Code of Criminal Procedure in criminal cases the rule has been changed in some respects. In a civil case, on a first application, a party is not required to set out what he expects to prove by the witness. In a criminal case this the defendant is now

required to do. In a civil case the statute prescribes the rule for only two continuances, and after the second all are left to the discretion of the judge, the statute being silent on the subject. In a criminal case the defendant is required, on the first application, to state what he expects to prove by the witness, and on all subsequent applications the defendant, in addition, must state that the testimony cannot be procured from any other source, etc.

We believe the change in the law applicable to continuances, made by the Code of Criminal Procedure, would not require a different rule from that recognized by the supreme court in the case of *Hyde* v. *The State*, 16 Texas. Certainly the defendant in a criminal case, on his application, would not be entitled to a continuance for the absence of a witness if, when it was being read, said witness was in the court, or for a witness that the presiding judge had seen killed the day before. If this is true, we can see no good reason why the court trying a criminal case should not allow the state to offer counter-affidavits (to defendant's motion for a continuance) to show want of diligence on the part of the defendant, and the absence of any reasonable expectation that the proposed testimony can be obtained at all.

Whilst we believe that counter-affidavits, on applications for continuance, ought to be admissible for the purposes indicated in the case referred to, we deem it proper to say that courts cannot be too particular in keeping the contestants within the limits prescribed in said case. A first application for a continuance should never be overruled unless the court is perfectly satisfied that the statements made in defendant's application are not true in fact, and are made for delay.

We are not prepared to say that the counter-affidavits in this case were alone sufficient to authorize the district judge trying the case to overrule the defendant's motion for a

continuance; we do conclude, in looking at the whole record, that he did not err in refusing the defendant a continuance.

In considering the case upon appeal, when the motion for a new trial brings before us a statement of the facts. given in evidence on the trial, we do not feel bound to shut our eyes wholly to the facts of the case in considering whether the judgment ought to be reversed for the refusal of the court to grant a continuance. Believing that the application for a continuance was not sufficient, that defendant had a fair trial, and that the judgment of the court below was according to the law and the evidence, the judgment is, therefore, affirmed.

*Judgment affirmed.*